In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Ernest D. Davis as a candidate in a primary election to be held on September 10, 2015, for the nomination of the Democratic Party as its candidate for the public office of Mayor of the City of Mount Vernon, the petitioner appeals from a final order of the Supreme Court, Westchester County (Giacomo, J.), entered August 5, 2015, which denied the petition, inter alia, to invalidate and dismissed the proceeding.
Ordered that the final order is affirmed, without costs or disbursements.
On October 14, 2014, the respondent Ernest D. Davis pleaded guilty to two misdemeanor violations of 26 USC § 7203 (“Willful failure to file return, supply information, or pay tax”). Davis was then, and is presently, the elected Mayor of the City of Mount Vernon, with his current term of office due to expire at the end of this year (cf Charter of City of Mount Vernon §§ 16, 20). Davis filed a petition with the respondent Westchester County Board of Elections designating him as a candidate in a primary election to be held on September 10, 2015, for the nomination of the Democratic Party as its candidate for the *647 public office of Mayor of the City of Mount Vernon. The petitioner, a registered member of the Democratic Party and a registered voter in the City of Mount Vernon, commenced this proceeding, inter alia, to invalidate the designating petition on the ground that Davis could not be designated as a candidate in the primary election since his misdemeanor convictions rendered him ineligible to be elected to the public office of Mayor of the City of Mount Vernon.
Section 6-122 of the Election Law provides, in relevant part, that “[a] person shall not be designated or nominated for a public office or party position who ... (2) is ineligible to be elected to such office or position.” The Charter of the City of Mount Vernon requires that elected officials possess the qualifications prescribed by section 3 of the Public Officers Law (see Charter of City of Mount Vernon § 15). Although the Public Officers Law precludes a person who stands convicted of certain misdemeanors from holding public office for a period of five years from the date of conviction, the federal offense at issue here is not among those enumerated misdemeanors (see Public Officers Law § 3 [1-a] [ii]).
In support of his petition, the petitioner relies upon section 28 of the Charter of the City of Mount Vernon, which states: “An elective officer who has been removed from office under any provision of this chapter shall not be eligible for election to fill the vacancy caused by his removal.” It is undisputed that Davis has continued to act as Mayor of the City of Mount Vernon after his conviction of the subject misdemeanors. The petitioner argues that by operation of certain laws, Davis was automatically removed from office at the time he was convicted of the subject misdemeanors, and thus should be deemed legally removed by operation of law and acting illegally by remaining in office. We need not address this contention since Davis’s designating petition does not pertain to an election to fill a vacancy “caused by his removal” (Charter of City of Mount Vernon § 28). The designating petition seeks to place Davis on the ballot as a candidate in a primary election to select a candidate to fill a vacancy created by the expiration of his four-year term of office as Mayor of the City of Mount Vernon (cf Charter of City of Mount Vernon §§ 16, 20), not by his removal from office. Consequently, under these circumstances, section 28 of the Charter of the City of Mount Vernon does not render Davis ineligible to be elected to the public office of Mayor of the City of Mount Vernon and, therefore, does not preclude him from being designated as a candidate in the subject primary election.
*648 Because the petitioner failed to provide a legal or factual basis establishing that the designating petition is invalid as a matter of law, the Supreme Court properly denied the petition and dismissed the proceeding.
Mastro, J.P., Miller, Maltese and Barros, JJ., concur.